UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA BALLANGER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:25-cv-01381-SRW |
| MISSOURI STATE HOSPITAL, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiffs are all current or former detainees at the Metropolitan St. Louis Psychiatric Center. They bring this action under 42 U.S.C. § 1983 for alleged violations of their civil rights. Because the Court finds these claims improperly joined, all but the first named Plaintiff—Angela Ballanger—will be struck from this action and the Clerk of Court will be directed to open new cases for the other Plaintiffs. The remaining Plaintiff, Angela Ballanger, will be ordered to file a new motion to proceed without prepayment of fees or costs, and a signed, amended complaint that asserts only claims on her own behalf. Plaintiff is warned that failure to comply with this Court order will result in the dismissal of this case, without prejudice or further notice.

**Sever and Strike Additional Plaintiffs**

**I.   Plaintiffs' Pleadings**

Plaintiffs assert that their rights to avoid cruel and unusual punishment under the Eighth Amendment were violated during their detention with the State of Missouri, causing mental stress. ECF No. 1 at 5. There are two named defendants in the original Complaint: Missouri State Hospital and Katie Thumann. *Id.* at 1-2. There are four Plaintiffs. Plaintiff Angela Ballanger has

been released and is no longer in State custody; however, Plaintiffs Jamie Jones, Jada Davis, and Rudolph Atkins, Sr. list their address as the Missouri Department of Mental Health's North Forensic Treatment Center, otherwise known as the Metropolitan St. Louis Psychiatric Center. ECF Nos. 5 at 2; 1 at 2. The original Complaint states that Plaintiffs were all "booked" (presumably at the Psychiatric Center) at different times—Ballanger in 2017, Atkins in 2019, and both Jones and Davis in 2023. *Id.* at 5.

All four Plaintiffs appear to have signed the original Complaint and a single motion to proceed *in forma pauperis*. ECF Nos. 1 at 6; 2 at 2. However, after the case was opened, many documents were filed separately by individual Plaintiffs, including a motion for appointment of counsel filed by Plaintiff Atkins (ECF No. 3), an unsigned amended complaint by Plaintiff Jones (ECF No. 4), an unsigned amended complaint by Plaintiff Ballanger (ECF No. 5), and an amended complaint by Plaintiff Davis (ECF No. 6). It appears that all these filings were mailed to the Court by Plaintiff Atkins.[1] ECF Nos. 1-1, 4-1. In Plaintiff Jones's amended complaint, he names two additional defendants (Cape Girardeau County and Sheriff Ruth Dickerson), and he complains about the length of time it took for a bed to become available in a state mental health facility. ECF No. 4. In Plaintiff Davis's amended complaint, she names five different additional defendants (St. Louis City Justice Center, City of St. Louis, Metropolitan Psychiatric Center, Industrial Development Authority, and nurse Kayanna Macadoo) and complains that she has been wrongly accused of having psychiatric problems and that the conditions of confinement are unconstitutional. ECF No. 6.

---

[1] As all the case-initiating documents appear to be in the same handwriting and mailed by Plaintiff Atkins, the Court warns Plaintiff Atkins that a self-represented plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes a plaintiff to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, a plaintiff that is not a licensed attorney may not represent other individuals in Federal Court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

**II.      Discussion**

Federal Rule of Civil Procedure 20 governs permissive joinder. Rule 20(a)(1) allows permissive joinder of plaintiffs in one action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1); *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). However, Courts have recognized that "district courts have discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness," even where the standard for joinder under Rule 20 of the Federal Rules of Civil Procedure is otherwise met. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *see also Mosley*, 497 F.3d at 1332 ("[T]he scope of the civil action is made a matter for the discretion of the district court).

A court may, on its own motion, sever a party that has been improperly joined. Fed. R. Civ. P. 21; *see also Mosely*, 497 F.2d at 1333 (complaints with unrelated claims brought by multiple plaintiffs against different defendants should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants). Severance is appropriate when the claims are "discrete and separate," each capable of resolution without dependence or effect on the other. *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (citations omitted).

In this case, Plaintiffs claims are not reasonably related enough to be brought in one suit. Although little detail was provided in the original Complaint as to what the Plaintiffs believe violated their Eighth Amendment rights, it is clear that Plaintiffs have not all been detained at the Metropolitan Psychiatric Center for the same period of time. The Court has no reason to believe

that Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or that there are questions of law or fact common to all Plaintiffs.

In addition, based on the Court's judicial discretion over decisions concerning joinder, the Court finds that the joinder of these claims would only delay this case. *See Biron v. Sawyer*, 2020 WL 6121270, at *5 (D. Minn. Aug. 21, 2020) ("The Court finds that the prosecution of this matter as one lawsuit, with two separate plaintiffs each proceeding pro se, would create needless procedural complexities that are likely to impede the expedient administration of justice.") This situation is like prisoner plaintiffs joining together to bring a single lawsuit, something not allowed by the courts under Federal Rule 20. *See, e.g., Georgeoff v. Barnes*, 2009 WL 1405497 (E.D. Mo. May 18, 2009); *Hagwood v. Warden*, 2009 WL 427396, at *2 (D. N.J. Feb. 19, 2009) (stating that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20," including the need for each plaintiff to sign pleadings, the possibility of changed documents as they are circulated, and the transitory nature of state detention). Given that Plaintiff Ballanger has been released while the other Plaintiffs are detained, it would be logistically difficult for Plaintiffs to bring this case together, causing undue delay.

Moreover, the interests of judicial economy are not met by allowing this joinder, as the factual assertions supporting each Plaintiff's claims will be distinct. *See Biron*, 2020 WL 6121270, at *5 (finding that "while the legal claims raised by each [self-represented plaintiff] may be somewhat similar, the facts related to each person will be different.") Based on the separately filed amended complaints, Plaintiffs' claims are not even being brought against the same named defendants. Plaintiffs' claims appear discrete and separate, justifying severance of these claims under Federal Rule 21.

To the extent Plaintiffs are attempting to bring a class action (as referenced in their original Complaint), the Court will not allow this under Federal Rule 23. *See* ECF No. 1 at 6 (stating that Plaintiffs seek "Four million Class Action"). Because of the requirement of adequate representation under Federal Rule 23(a), it is well established that a self-represented litigant cannot represent the rights, claims, and interests of other parties in a class action lawsuit. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (providing that "[a] nonlawyer…has no right to represent another entity"); *Casey-El v. City of St. Louis Department of Public Safety*, 2022 WL 17250170, at * 2 (E.D. Mo. 2022) (stating that "it is well established that non-attorney pro se plaintiffs cannot adequately represent a class"); *Vanderbilt v. Arkansas Department of Corrections*, 2023 WL 348410, at *2 (E.D. Ark. 2023) (stating that "pro se litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action, including a class action lawsuit").

For all these reasons, the Court will not allow Plaintiffs to proceed jointly in this action. This case will proceed with first-named Plaintiff, Angela Ballanger, and the other Plaintiffs (Jamie Jones, Jada Davis, and Rudolph Atkins, Sr.) will be struck from this case. The Clerk of Court will be ordered to open new cases for the struck Plaintiffs. Pleadings that were filed in this case by one of the struck Plaintiffs will be docketed in their newly opened cases. Nothing in this Memorandum and Order should be construed as precluding the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

## Motion to Proceed *In Forma Pauperis*

As this case is now proceeding with Plaintiff Angela Ballanger only, the Court will deny the pending motion to proceed *in forma pauperis* filed by all four Plaintiffs. ECF No. 2. Plaintiff

Ballanger is ordered to file a new motion to proceed *in forma pauperis*, on a Court-provided form, with her financial information so the Court can determine if she qualifies under the federal statute, 28 U.S.C. § 1915. As Plaintiff Ballanger has been released from detention, her motion should reflect her current employment and expenses information.

### Amended Complaint

Finally, the Amended Complaint filed on October 3, 2025, by Plaintiff Ballanger is incomplete and unsigned *See* ECF No. 5 (containing only the first three pages of the form complaint and missing the signature page). The Local Rules of this Court require that all filings be signed by the self-represented party or the party's attorney. *See* E.D. Mo. L.R. 2.01(A)(1). Similarly, under Federal Rule of Civil Procedure 11(a), every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court must strike an unsigned paper "unless the omission is promptly corrected after being called to the . . . party's attention." As such, Plaintiff Ballanger will be directed to file a signed, second amended complaint on a Court-provided form.

Plaintiff is advised that the filing of a second amended complaint **completely replaces** the original complaint, amended complaint, and all supplements, and so it must include all claims Plaintiff wishes to bring. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citing 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1476, pp. 636-37 (3d ed. 2010))); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Any claims from the original or amended complaints that are not included

in the second amended complaint will be deemed abandoned and will not be considered. Plaintiff must **type or neatly print** the second amended complaint on the Court-provided Civil Complaint form, and the second amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to **STRIKE** Plaintiffs Jamie Jones, Jada Davis, and Rudolph Atkins, Sr. from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant matter [ECF No. 1], the Clerk shall open a new civil rights case for each of the three stricken Plaintiffs: Jamie Jones, Jada Davis, and Rudolph Atkins, Sr.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of this Memorandum and Order in each newly opened case.

**IT IS FURTHER ORDERED** that the Clerk is directed to **STRIKE** Plaintiff Rudolph Atkins's motion for appointment of counsel [ECF No. 3] from this matter and file it in Plaintiff Atkins's newly opened case.

**IT IS FURTHER ORDERED** that the Clerk is directed to **STRIKE** Plaintiff Jamie Jones's amended complaint [ECF No. 4] from this matter and file it in Plaintiff Jones's newly opened case.

**IT IS FURTHER ORDERED** that the Clerk is directed to **STRIKE** Plaintiff Jada Davis's amended complaint [ECF No. 6] from this matter and file it in Plaintiff Davis's newly opened case.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail Plaintiff Angela Ballanger copies of the Court's Civil Complaint form and Motion to Proceed *in Forma Pauperis* form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff Angela Ballanger shall file a second amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FINALLY ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff Angela Ballanger shall either pay the filing fee or submit a motion to proceed *in forma pauperis* on the Court-provided form.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 11th day of February, 2026.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE